# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MICHAEL GIPSON     PETITIONER

v.     No. 2:00CR153-GHD-DAS

UNITED STATES OF AMERICA     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion of Michael Gipson to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

## Facts and Procedural Posture

Petitioner Michael Gipson was indicted of aiding and abetting the receipt and possession of stolen firearms (Count I), aiding and abetting the use of a firearm in relation to a drug trafficking crime (Count II), and two (2) counts of possession of a firearm by a convicted felon (Counts III and IV). ECF doc. 1. Gipson was convicted of all counts and sentenced to a term of 125 months on Counts I, III, and IV, to be served concurrently, and a term of 60 months on Count II, to run consecutively with his other sentences. ECF doc. 54. In addition, Gipson was charged a special assessment of $100.00 on each count. *Id.* Gipson appealed this decision and his convictions and sentences were affirmed by the Fifth Circuit. ECF docs. 56 and 58 (Fifth Circuit Cause No. 01-60645).

On September 6, 2002, Gipson filed a motion to vacate his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 59. That motion was denied on April 12, 2005. ECF doc. 64. On February 11, 2009, Gipson filed a motion for the retroactive application of the sentencing

guidelines to crack cocaine offenses. ECF doc. 68. That motion was denied because Gipson was already serving the mandatory minimum sentence with no departures and was, therefore, not entitled to the relief requested. ECF doc. 85.

On May 7, 2012, Gipson filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. §2241, which was docketed in Cause No. 3:13-cv-14-GHD-SAA. ECF doc. 1 (3:13-cv-14). In that pleading, Gipson asserted that his conviction in Count II was invalid under the holding in *Watson v. United States*, 552 U.S. 74, 84 (2007), which held that a criminal defendant does not "use" a firearm when he trades the gun for drugs or vice versa. ECF doc. 1 (3:13-cv-14). On March 18, 2013, this court granted Gipson's §2241 petition, vacated his sentence in Count II of this cause, and ordered a new sentencing hearing. ECF doc. 28 (3:13-cv-14).

On June 7, 2013, Gipson filed a motion for re-sentencing and waived his presence at a re-sentencing hearing as both parties were in agreement. ECF doc. 89. In addition to requesting that the sentence in Count II be vacated, Gipson asked that his sentences in Counts I, III, and IV be reduced to 120 months, the statutory maximum. *Id.* On June 11, 2013, this Court granted Gipson's motion for re-sentencing, vacated his sentence in Ground Two, and re-sentenced Gipson to a lesser term of 120 months on Counts I, III, and IV, to be served concurrently. ECF doc. 91. All other terms of the original sentencing order remained in effect. *Id.*

On June 2, 2014, Gipson filed a motion to vacate, set aside, or correct his new sentence pursuant to 28 U.S.C.A. §2255. Gipson's case transferred to the Fifth Circuit for a determination of whether Petitioner would be allowed to proceed with a successive §2255 motion. On December 8, 2015, the Fifth Circuit held that, because Gipson was challenging his new

sentencing order, his petition was not successive. ECF doc. 103. As such, this Court has considered Gipson's §2255 motion on the merits.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under § 2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. § 2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on

direct appeal, a defendant is may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## Gipson's §2255 Claims

In the instant §2255 petition, Gipson makes the following claims for relief, which the court has restated for clarity:

Ground One: Petitioner received ineffective assistance of counsel during resentencing because the counsel failed to ensure the return of Gipson's $100 special assessment on Count II, failed to ensure that Count II was vacated, and waived his presence at sentencing without authorization.

Ground Two: Petitioner received ineffective assistance of counsel because counsel failed to adequately discuss a possible appeal of his new sentence with Petitioner.

For the reasons discussed below, the court finds that Gipson's claims do not warrant habeas relief under §2255.

### Ground One: Ineffective Assistance of Counsel Regarding Special Assessment, Vacation of Count II, and Appearance at Sentencing.

In Ground One, Gipson asserts that he received constitutionally ineffective assistance of counsel at re-sentencing. A criminal defendant's right to effective assistance of counsel extends to the sentencing stage of trial. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). In order to prove that his counsel rendered ineffective assistance of counsel, Gipson must prove that counsel's representation was deficient, and that the deficiency prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the benefit of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, Gipson cannot meet this standard.

First, Gipson complains that the $100.00 special assessment on Count II was not returned after his sentence was vacated. The government attached to its response documentation showing that Gipson only paid $200.00 of his original $400.00 assessment. ECF doc. 107-2. On March 9, 2007, the Clerk's Office wrote off the outstanding $200.00. *Id.* After Gipson's sentence in Count II was vacated, Gipson still owed $300.00 in special assessments for the remaining three (3) counts on which he was convicted and sentenced, but only paid $200.00. As such, Gipson is not entitled to a refund of any kind.

Gipson also asserts that his conviction in Count II was not vacated. However, the record is clear that Petitioner's sentence in Count II was, in fact, vacated. ECF doc. 91. In the memorandum opinion in Gipson's §2241 case, Cause No. 3:13-cv-14, this court held that, "[i]f Petitioner's conviction on Count Two were to stand under these facts, he would 'stand[] convicted of an act that the law does not make criminal' and face 'a punishment that the law cannot impose on him.'" ECF doc. 28, pg. 3 (3:13-cv-14), citing *U.S. v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). This court ultimately held that "Petitioner could not have aided and abetted his co-felon's 'use' of a firearm under §924(c), because his receipt of firearms in exchange for crack cocaine is not a crime under the statute." ECF doc. 28, pg. 4 (3:13-cv-14). As such,

Gipson's §2241 motion for habeas corpus was granted. *Id.* Therefore, it is clear from the records that Gipson's conviction and sentence in Count II of this cause has been vacated.

Gipson next complains that his counsel was ineffective for waiving his presence at the sentencing hearing. As noted above, after his sentence in Count II was vacated, Gipson filed a motion for re-sentencing on his remaining convictions in Count I, III, and IV, and waived his presence at a sentencing hearing pursuant to Federal Rule of Criminal Procedure 43(b)(4). ECF doc. 89. That rule provides that a criminal defendant's presence is not required at a proceeding to correct or reduce a sentence. F.R.Cr.P. 43 (b)(4). In his motion, Gipson stated that he and the government were in agreement that Gipson's sentences on Counts I, III, and IV should be reduced to 120 months. ECF doc. 89. As such, no hearing was held and Gipson's motion was granted. Gipson's sentence in Count II was vacated and his sentences in Counts I, III, and IV were reduced to 120 months, to be served concurrently. ECF doc. 91.

Gipson's appearance was not required at his re-sentencing and was properly waived. Most importantly, in addition to having his sentence vacated in Count II, Gipson also received a reduction in his remaining sentences. As such, Gipson cannot demonstrate that he was prejudiced by choosing not to appear for re-sentencing.

In light of the above, Gipson has failed to demonstrate that his attorney was constitutionally ineffective with regard to Gipson's claims in Ground One. Gipson has neither demonstrated that his counsel was deficient nor that he was prejudiced by counsel's actions, Therefore, Gipson is denied relief based on his allegations in Ground One.

**Ground Two: Ineffective Assistance of Counsel Regarding Appeal.**

In Ground Two, Gipson complains that counsel did not adequately discuss a potential appeal of his new sentence with him. However, in support of his claim Gipson has attached a letter written to his attorney on May 29, 2013, prior to his re-sentencing on June 11, 2013. ECF doc. 92, pg. 13. This letter cannot be construed as a request to appeal a sentence that had not yet been handed down. Moreover Gipson does not actually allege that he ever requested his attorney to appeal his new sentence, which was more favorable than his original sentence. Gipson simply alleges that he received an inadequate consultation. Such conclusory allegations are insufficient to demonstrate prejudice under *Strickland, supra. Mallard v. Cain,* 515 F.3d 379, 383 (5th Cir. 2008). As such, this claim is without merit.

**Conclusion**

As discussed above, Gipson's claims in Grounds One and Two lack merit, and the instant motion to vacate, set aside, or correct Michael Gipson's sentences will be denied. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this the 13th day of September, 2017.

/s/ Neal H. Jamison
SENIOR UNITED STATES DISTRICT JUDGE